UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES PETER KYRICOPOULOS, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 16-cv-12431-IT |
| | * | |
| JOSEPH MURPHY, | * | |
| | * | |
| Respondent. | * | |

ORDER

March 29, 2017

TALWANI, D.J.

On October 22, 2014, Petitioner was convicted of nineteen counts of larceny over $250 in Massachusetts Superior Court. Resp. Mot. Dismiss Ex. 1 at 9-10 [#7-1] (Massachusetts Superior Court docket). He filed a timely notice of appeal in the Superior Court on October 28, 2014. Id. at 10. Thereafter, he moved for post-conviction relief in the Superior Court, pursuant to Rule 30A of the Massachusetts Rules of Criminal Procedure. Id. at 11-12. The court denied Petitioner's motion for post-conviction relief, and Petitioner filed a notice of appeal in the Superior Court on April 28, 2015. Id. The appeals were not immediately docketed in the Massachusetts Appeals Court.

On June 23, 2015, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in Case No. 15-cv-12789-IT. On March 30, 2016, the court adopted the Magistrate Judge's Report and Recommendation and allowed Respondent's motion to dismiss on the ground that Petitioner had failed to exhaust state court remedies. Order, Kyricopolous v. Mitchell, No. 15-cv-12789-IT (D. Mass. Mar. 30, 2016), ECF No. 58. The court noted that "even if Petitioner were correct that the Superior Court clerk ha[d] not processed Petitioner's appeal,

Petitioner [did] not show[] any steps Petitioner has taken to pursue or perfect that appeal." Id. at 3.The petition was dismissed on March 31, 2016. Order of Dismissal, Kyricopolous v. Mitchell, No. 15-cv-12789-IT (D. Mass. Mar. 31, 2016), ECF No. 60.

On April 15, 2016, Petitioner filed a Notice of Appeal. Pet.'s Not. of Appeal, Kyricopolous v. Mitchell, No. 15-cv-12789-IT (D. Mass. Apr. 15, 2016), ECF No. 69. He subsequently withdrew his appeal, stating that he intended to pursue state remedies, and the United States Court of Appeals for the First Circuit dismissed the appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. Judgment, Kyricopolous v. Mitchell, No. 15-cv-12789-IT (D. Mass. July 22, 2016), ECF No. 78.

On May 31, 2016, Petitioner's state-court appeal of the denial of his motion for post-conviction relief was docketed in the Massachusetts Appeals Court in Case No. 2016-J-0223. Resp. Mot. Dismiss Ex. 3 at 1 [#7-3] (Massachusetts Appeals Court docket in Case No. 2016-J-0223). An appeal of his guilty verdict was docketed in the Appeals Court in Case No. 2016-P-0967 on July 13, 2016. Ex. 2 at 1 [#7-2] (Massachusetts Appeals Court docket in Case No. 2016-P-0967). The appeals were consolidated under Case No. 2016-P-0967 on July 18, 2016. Id. A review of the Appeals Court docket reveals that the appeals remain pending in that court as of the date of this order.

Petitioner filed the instant action on November 30, 2016, seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Pet. [#1].

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner must exhaust available state remedies before seeking a federal writ of habeas corpus, with exceptions not relevant here. 28 U.S.C. § 2254(b)(1)(A). This requirement "giv[es] the state the first 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'"

Josselyn v. Dennehy, 475 F.3d 1, 2 (1st Cir. 2007) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)). Exhaustion requires a petitioner to present, or do his best to present, the substance of a federal habeas claim "fairly and recognizably" to the state's highest tribunal before seeking federal review. Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010); see also Adelson v. DiPaola, 131 F.3d 259, 262-63 (1st Cir. 1997) ("Exhaustion obligations mandate that a habeas petitioner present, or do his best to present, his federal claim to the state's highest tribunal."). Since Petitioner's appeals currently are pending in the Massachusetts Appeals Court, the state's highest tribunal—the Supreme Judicial Court—has not had the opportunity to pass upon his claims.[1] Because Petitioner must give the state court the opportunity to correct the alleged violations of his federal rights before seeking relief in this court, Petitioner has yet to exhaust available state court remedies.

The court is mindful of the difficulties faced by litigants navigating the complex rules governing habeas proceedings. However, the court is constrained by the requirement that a petitioner exhaust available state court remedies before seeking habeas corpus relief in this court.

Petitioner also seeks relief unrelated to his habeas petition. Pet'r, James Peter Kyricopoulos' Mot. for Court Order [#28]. The court does not have jurisdiction to consider such claims as part of a habeas petition. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) (holding that "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the] core [of habeas corpus]"); see also Smith v. Mulgrave, No. 2015-0078, 2016 WL 373953, at *3 (D.V.I. Jan. 29,

---

[1] A review of the Supreme Judicial Court docket demonstrates that Petitioner has filed motions in that court that were denied. However, the Supreme Judicial Court has not yet had the opportunity to review the appeal of his conviction or the denial of post-conviction relief. Such review only can occur if the Appeals Court denies his consolidated appeal, and Petitioner appeals such denial to the Supreme Judicial Court in accordance with its rules of appellate procedure.

2016) (denying, for lack of subject matter jurisdiction, habeas petitioner's motion to enjoin the respondent from "denying or restricting access to . . . legal materials and the law library," because "[t]hese claims challenge conditions of prison life, but not the fact or duration of [the petitioner]'s confinement, or the execution of his sentence" and "even a favorable decision regarding [the petitioner]'s claims would not necessarily imply a change to the duration, or execution of his sentence." (internal quotation marks and brackets omitted)).

For these reasons,

1. Respondent's Motion to Dismiss [#7] for failure to exhaust state court remedies is ALLOWED.

2. Petitioner, James Peter Kyricopoulos' Motion to Be Released Immediately [#10] and Petitioner, James Peter Kyricopoulos' Motion to Amend Motion to Be Released Immediately [#17] are DENIED as MOOT.

3. Petitioner, James Peter Kricopoulos' Motion to Amend Grounds for the Habeas Corpus [#23] is DENIED as MOOT.

4. Petitioner, James Peter Kyricopoulos' Motion to Compel [#16], Petitioner's Motion to Compel [#19], Petitioner, James Peter Kyricopoulos' Motion to Compel [#21], and Petitioner, James Peter Kyricopoulos' Emergency Motion to Compel [#30] are DENIED.

5. Petitioner, James Peter Kyricopoulos' Motion for Expedited Ruling [#15] is DENIED as MOOT.

6. In light of docket entries #27, #29, and #31 reflecting that a clerk has mailed Petitioner docket sheets, Petitioner, James Peter Kyricopoulos' Motion to Compel [#24] is DENIED as MOOT.

7. Because the court does not have jurisdiction in a habeas action to provide the relief requested, <u>Petitioner, James Peter Kyricopoulos' Motion for a Court Order</u> [#28] is DENIED.

IT IS SO ORDERED.

Date: March 29, 2017                                              /s/ Indira Talwani
                                                                  United States District Judge